39 C.C.P.A.(Patents)

### Application of SUTHERLAND.
#### No. 5930.

United States Court of Customs and Patent Appeals.
June 24, 1952.

John H. Austin and Wallace D. Newcomb, Philadelphia, Pa. (Paul & Paul, Philadelphia, Pa., and James W. Dent, Washington, D. C., of counsel), for appellants.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Commissioner of Patents denying appellants' application for the extension of three patents under the provisions of Public Law 598, Eighty-first Congress, 35 U.S.C.A. § 115, on the stated ground that appellants in their capacity of trustees are not the sole owners of the patents within the prescribed limitation to that effect in section 1(a) of the Law, the pertinent portion of which reads as follows:

Sec. 1. "Any person who served honorably in the military or naval forces of the United States at any time between December 7, 1941, and September 2, 1945—

"(a) who is the inventor or discoverer of an invention or discovery for which a patent was granted to him prior to September 2, 1945, the original term of which had not expired prior to said date and which is still owned by him, or who was prior to said date and continuously thereafter the sole owner of a patent for an invention or discovery which had not expired prior to said date; * * *."

There is no doubt that appellants are veterans within the purview of the Law. They were appointed trustees of the three unexpired patents in question, which relate to fiber refining and improvements in fiber pulp refiners. As trustees they were to hold the same under the trust agreement, dated October 20, 1936, and apply the royalties therefrom, after the payment of administrative expenses, for the benefit of six beneficiaries, each of appellants having been respectively designated as the beneficiary of 16 per cent of such royalties. In other words, the collective share of appellants as beneficiaries amount to 32 per cent of the royalties, together with a further allowance of 2½ per cent to each "for acting as trustees." The remainder of the royalties goes to four other persons who are nowise identified as veterans or otherwise entitled to consideration under the provision of the law in issue.

Appellants under the trust agreement are empowered to sell the patents and to distribute the proceeds therefrom to all of the beneficiaries in the same proportion as established by the deed of trust for the payment of income. The shares of appellants upon their respective deaths are to be paid equally to the surviving beneficiaries.

Various authorities and phrases appropriated from the text of Public Law 598 are cited or quoted by appellants in support of the proposition that they, as

trustees, endowed solely with the legal title of the patents to collect the proceeds therefrom and administer the same as directed, are, within the intent of Congress, the sole owners of the patents. There is no merit in that contention. Nor does their described legal and limited equitable interest in the patents otherwise render them the sole owners thereof under the authorities they have here submitted.

On the contrary, it has been well settled down through the years that in a conventional type of trust such as we have here, in which the trustees may employ or sell the property as they see fit, but are strictly accountable to others for all the proceeds therefrom, such trustees, who hold less than all of the equitable interest, cannot qualify as the sole owners of the subject matter of the trust. It is true, as appellants contend, that they have the legal ownership of the patents here involved. They took their legal title thereto in trust, however, for the purposes specified in the trust agreement and the sole ownership of the equitable interests in the patents belong to all six beneficiaries. ·Seymour **v.** Freer, 8 Wall. 202, 213, 19 L.Ed. 306.

Certainly the patents in question do not merit extension merely for the purpose of affording appellants an opportunity of collecting a fee for services which they might render as trustees, as they suggest in their brief. Moreover, the following statement relied upon by the solicitor which disposes of appellants' argument that Congress intended to benefit others than veterans who had sustained losses with respect to their patents because of the war, appeared in both reports of the House and Senate Committee on the bill which became Public Law 598:

"Representations were made and were seriously considered by the [House] committee that the benefits of such legislation should inure to all patentees who suffered losses by reason of being unable through shortages of materials or other reasons during the war to prosecute and exploit their patent rights. That committee, however, felt that to provide relief for all such persons who suffered losses in this manner would be to overlook the many thousands of persons in other walks of life who suffered grievous and irreplaceable losses in their fortunes because of the circumstances of war. For most of such persons no governmental relief has been or could reasonably be afforded, for such conditions cannot reasonably be considered by thinking persons the responsibility of the Government to restore."

We have carefully examined the contentions submitted by appellants, and are unable to find that the Commissioner of Patents has erred in the conclusion he has reached upon the record presented. For the reasons hereinbefore stated, his decision is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein.